| | |
|---|---|
| **IN RE LAMBERT OIL COMPANY, INC.,** | Bankr. Case No. 03-01183-WAS |
| Debtor. | |

| | |
|---|---|
| **MOUNTAIN EMPIRE OIL COMPANY, INC., ET AL.,** ) ) ) | |
| ) | Case No. 1:07CV00005 |
| Appellant, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **WILLIAM E. CALLAHAN, JR., TRUSTEE,** ) ) | By: James P. Jones<br>Chief United States District Judge |
| ) | |
| Appellee. ) | |

*Rick J. Bearfield, Johnson City, Tennessee, and Thomas A. Leggette, Roanoke, Virginia, for Appellant; Lori D. Thompson, LeClair Ryan, a Professional Corporation, Roanoke, Virginia, for Appellee.*

In this bankruptcy case, the appellant seeks a stay of this court's judgment pending appeal. Conditioned upon the posting of an adequate supercedeas bond, I will grant the stay.

I

Following trial in an adversary proceeding, the bankruptcy court found that Mountain Empire Oil Company, Inc. ("MEO"), was liable to William E. Callahan, Jr., Trustee ("Trustee"), by reason of MEO's occupancy of certain real estate owned by the debtor, Lambert Oil Company, Inc, prior to and during the administration of the bankruptcy case. The bankruptcy court entered a money judgment in favor of the Trustee against MEO in the amount of $551,993.55.

MEO appealed to this court. By agreement of the parties, an order was entered by the bankruptcy court staying its judgment. An irrevocable letter of credit in favor of the Trustee was filed with the bankruptcy court supporting the stay.[1]

Following briefing and oral argument, the bankruptcy court's judgment was affirmed by this court. *Mountain Empire Oil Co. v. Callahan (In re Lambert Oil Co.)*, No. 1:07CV00005, 2007 WL 2110953 (W.D. Va. July 24, 2007). MEO noted a timely appeal from this court's judgment to the court of appeals on August 7, 2007. On August 14, 2007, MEO moved for a stay of the judgment pending the appeal and for approval of a supercedeas bond. The Trustee opposes the stay and MEO's motion has been briefed and argued and is ripe for decision.

---

[1] The letter of credit was to expire on August 20, 2007, but by agreement of the parties, the bankruptcy court permitted an extension to no later than September 13, 2007.

II

In support of his opposition to a stay, the Trustee argues that this court has no jurisdiction to grant a stay because the motion for a stay was filed after the notice of appeal. The Trustee relies on Bankruptcy Rule 8017, entitled Stay of Judgment of District Court or Bankruptcy Appellate Panel. Rule 8017(a) provides that the judgments of district courts are automatically stayed for ten days after entry. Subsection (b) of the Rule further provides in pertinent part:

> On motion and notice to the parties to the appeal, the district court . . . may stay its judgment pending an appeal to the court of appeals. The stay shall not extend beyond 30 days after the entry of the judgment of the district court . . . unless the period is extended for cause shown. If before the expiration of a stay entered pursuant to this subdivision there is an appeal to the court of appeals by the party who obtained the stay, the stay shall continue until final disposition by the court of appeals.

Fed. R. Bankr. P. 8017(b).

The Trustee argues that the "framework" of this rule compels the conclusion that once a notice of appeal is filed, the district court is powerless to stay its judgment. (Trustee's Br. 5.)

While the Trustee's argument finds support in a few cases, the clear majority view is that jurisdiction exists despite the filing of the notice of appeal. *See Willcox v. Stroup*, 358 B.R. 835, 837 (D.S.C. 2006) (reviewing cases); 10 *Collier on*

- 3 -

*Bankruptcy* ¶ 8017.03[4] (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. 2007) (same). In light of the recognized inherent power of inferior courts to preserve the status quo pending appeals, the fact that Rule 8017 appears to anticipate a stay prior to the filing of a notice of appeal, does not preclude the opposite. *See Fross v. MJPB, Inc. (In re Fross)*, 258 B.R. 26, 29 (B.A.P. 10th Cir. 2001). Accordingly, I find that this court has jurisdiction to consider the pending motion.

III

The Trustee's more serious argument is that the court must apply equitable considerations to the decision to grant a stay, and that those considerations dictate its refusal in this case.

In seeking a stay, MEO relies on Bankruptcy Rule 7062, which incorporates Federal Rule of Civil Procedure 62 in adversary proceedings. Rule 62(d), entitled Stay Upon Appeal, provides in pertinent part as follows:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . . The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

- 4 -

Fed. R. Civ. P. 62(d).[2] The stay contemplated by Rule 62(d) is a matter of right if an adequate bond is posted. *See Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (Harlan, Circuit Justice 1966).

The Trustee does not dispute that a Rule 62(d) stay is a matter of right, but instead contends that Bankruptcy Rule 7062 and by incorporation, Rule 62(d), only apply to judgments entered by the bankruptcy court and not to judgments entered on appeal by this court. In support of this argument, he points to the advisory committee note to Bankruptcy Rule 8017, which states, in part:

> This rule is derived from Rule 62 F.R.Civ.P. and Rule 41 F.R.App. P.
> . . . .
>
> Subdivision (b) [of 8017] vests in the district courts and the bankruptcy appellate panels the same authority the courts of appeal have under Rule 41(b) F.R.App.P. to stay their judgments pending appeal.

Fed. R. Bankr. P. 8017, advisory committee note. *See Payne v. Clarendon Nat'l Ins. Co. (In re Sunset Sales, Inc.)*, 195 F.3d 568, 571 (10th Cir. 1999) ("The advisory committee note . . . indicat[es] that the stay provisions of *Bankruptcy Rule 8017(b)* are modeled after those governing circuit courts, rather than those governing district courts.").

---

[2] The rule excepts actions for injunctions, receiverships, and patent accountings, but none of those exceptions apply here.

- 5 -

The Trustee argues that because a court of appeals must determine a request for a stay pending a petition for certiorari under Federal Rule of Appellate Procedure 41 not as matter of right, but only upon a showing "that the certiorari petition would present a substantial question and that there is good cause for a stay," Fed. R. App. P. 41(d)(2)(A), this court must make a similar determination. The Trustee contends that no stay as a matter of right should be granted, even assuming that an adequate supersedeas bond could be given.

There is no binding precedent on this question, and indeed, very little case authority at all. The Trustee relies heavily on the *In re Sunset Sales, Inc.* case, quoted above. The issue there was whether the bankruptcy appellate panel ("BAP") had the authority to grant a stay pending appeal to the court of appeals after it had issued its mandate. 195 F.3d at 570. The court of appeals agreed that the BAP had no power to grant a stay unless it first recalled its mandate. *Id.* at 573. The BAP had held that the circumstances did not justify recalling the mandate and the appellant did not challenge that ruling. *Id.* While the court of appeals rejected the argument that the BAP's power was governed by Rule 62—stating that the rule applied "solely to adversary proceedings at the trial level (i.e., the bankruptcy court or the district court acting in its trial capacity)"—the underlying question in *Sunset Sales* involved the recall of the mandate. *Id.* at 571.

- 6 -

There is authority contrary to the Trustee's position, at least in one district court. *See In re Miranne*, 94 B.R. 413, 415 (E.D. La. 1988) (holding that discretionary balancing test does not apply to stay of money judgment in bankruptcy case on appeal to court of appeals); *see also U.S. Abatement Corp. v. Mobil Exploration & Producing*, No. 94-671, 1995 WL 217469, at *3 (E.D. La. Apr. 12, 1995) (noting that since appeal does not involve money judgment, discretionary test does apply); *In re Sims*, No. 91-2150, 91-2152, 1992 WL 55721, at *1 (E.D. La. Mar. 10, 1992) (stating that case does not involve an appeal from a money judgment, "such that there would be entitlement to stay as a matter of right").

I am not convinced by the Trustee's arguments. The plain language of Bankruptcy Rule 8017 does not impose a discretionary standard for a stay on an appeal from this court to the court of appeals, as does Appellate Rule 42(d)(2), governing a stay pending a petition for certiorari.[3] The parallelism suggested by the Trustee is thus not found in the rules. Nor does it functionally exist, since the appellant in a bankruptcy appeal has an appeal of right to the court of appeals, where

---

[3] Rule 8017(b) does provide that a stay "shall not extend beyond 30 days after the entry of judgment of the district court . . . unless the period is extended for cause shown," but that provision surely applies to stays granted *before* the notice of appeal is filed, since no appeal could be expected to be determined within thirty days. As the Trustee recognizes, 8017(b) is primarily concerned with the handling of a motion to stay beyond the automatic ten-day stay, but before the filing of a notice of appeal.

- 7 -

the court of appeals uses the same standard of review of the bankruptcy court's decision as the district court. *See Bunker v. Peyton (In re Bunker)*, 312 F.3d 145, 150 (4th Cir. 2002). I find that Rule 62(d) allows a stay in this case of right, conditioned upon an adequately secured bond.[4]

Moreover, even if I were to consider the relative hardships to the parties, I would grant a stay. The Trustee candidly conceded at oral argument that if no stay were granted, he would collect the judgment and close the debtor's case, in an effort to moot MEO's appeal. While there is no doubt that a stay of the judgment may cause delay in any ultimate distribution to creditors in the bankruptcy case, as well as added administrative expense, I believe that there is sufficient substance to MEO's appeal to justify a stay.

IV

For the foregoing reasons, it is **ORDERED** as follows:

1. The Motion for Stay Pending Appeal is GRANTED;

---

[4] Where no money judgment is involved, it is understood that a bankruptcy court is to consider a motion for a stay using the same four-part discretionary standard as is applicable to the grant of a preliminary injunction and that this is the same standard to be used by a district court when considering a stay of its judgment. *See Willcox v. Stroup*, 358 B.R. at 837-38. If the district court is to use the same standard for such judgments as the bankruptcy court, then it ought to use the same standard that the bankruptcy court would use for money judgments under Rule 62(d).

2. The judgment entered by this court on July 24, 2007, is STAYED pending the appeal of the judgment to the court of appeals, which stay will become effective only upon the filing of a proper supersedeas bond with adequate security, to be approved by this court.

ENTER: September 5, 2007

/s/ JAMES P. JONES
Chief United States District Judge